FILED

MAY 2 1 2010

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | Case No. 1:09-cv-00137-LMB |
| PHILLIP DOLLINS and ROY DOLLINS d/b/a DOLLINS CONSTRUCTION COMPANY, ) ) ) ) | |
| Defendants. ) | |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (hereinafter "EEOC") has instituted this action alleging that: (1) Phillip Dollins and Roy Dollins d/b/a Dollins Construction Company, (hereinafter "Dollins Construction") discriminated against Eric Moore, Buford McClendon, and Anthony Jones (collectively the "Charging Parties") because of their race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, (hereinafter "Title VII"); and (2) discriminated against Moore, McClendon and Jones for participating in protected activity under Title VII when they complained about the race discrimination practiced against them. Dollins Construction denies the allegations asserted against it by the Commission, and agrees to enter into this Consent Decree only to avoid the legal fees and expenses associated with defending this action.

The parties agree that this Consent Decree shall not be presented to the Court until fully executed by counsel for Plaintiff and Defendants and each of the Charging Parties has executed a release in the form attached as Exhibit A-1.

1

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of the Title VII will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

### I. General Provisions

A.  This Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Dollins Construction of any violation of Title VII or any executive order, law, rule or regulation dealing with or in connection with race discrimination in employment.

B.  Dollins Construction shall not discriminate against its employees with respect to hiring, promotion, discharge, compensation, or other terms, conditions or privileges of employment on the basis of race.

C.  Dollins Construction shall not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under Title VII; (b) has participated in any investigation by the Commission connected with or leading up to this lawsuit; (c) has participated in this lawsuit; or (d) has benefitted or will benefit in any way as a result of this Consent Decree.

## II. Payment to Charging Parties

A.  Dollins Construction shall pay Buford McClendon the amount of $5,000. Payment will be made by Dollins Construction delivering a check payable to Buford McClendon in the gross amount of $5,000 within 60 days of the entry of this Decree. Of this amount, $1,000 shall be for back-pay, from which all applicable payroll withholdings shall be made, and $4,000 shall be for compensatory damages.

Dollins Construction shall deliver the check and a 1099 form reflecting such payments by mailing them by certified mail to:

>    Buford McClendon
>    105 Jaycee
>    Sikeston, Missouri 63801

A copy of the check and the 1099 shall be mailed to the Equal Employment Opportunity Commission, 1222 Spruce Street, Room 8.100, St. Louis, Missouri 63103, to the attention of C. Felix Miller.

The payment required by this section (II-A) shall extinguish all of the EEOC's and/or Buford McClendon's claims for monetary relief for him alleged in this action, irrespective of Dollins Construction's satisfaction of any other requirement of this Decree.

B.  Dollins Construction shall pay Anthony Jones the amount of $5,000. Payment will be made by Dollins Construction delivering a check payable to Anthony Jones in the gross amount of $5,000 within 60 days of the entry of this Decree. Of this amount, $1,000 shall be for back-pay, from which all applicable payroll withholdings shall be made, and $4,000 shall be for compensatory damages.

Dollins Construction shall deliver the check and a 1099 form reflecting such payments by mailing them by certified mail to:

>Anthony Jones
>[address to be provided by EEOC]

A copy of the check and the 1099 shall be mailed to the Equal Employment Opportunity Commission, 1222 Spruce Street, Room 8.100, St. Louis, Missouri 63103, to the attention of C. Felix Miller.

The payment required by this section (II-B) shall extinguish all of the EEOC's and/or Anthony Jones' claims for monetary relief for him alleged in this action, irrespective of Dollins Construction's satisfaction of any other requirement of this Decree.

  C. Dollins Construction shall pay Eric Moore the amount of $5,000. Payment will be made by Dollins Construction delivering a check payable to Eric Moore in the gross amount of $5,000 within 60 days of the entry of this Decree. Of this amount, $1,000 shall be for back-pay, from which all applicable payroll withholdings shall be made, and $4,000 shall be for compensatory damages.

Dollins Construction shall deliver the check and a 1099 form reflecting such payments by mailing them by certified mail to:

>Eric Moore
>218 Daniel Street
>Sikeston, Missouri 63801

A copy of the check and the 1099 shall be mailed to the Equal Employment Opportunity Commission, 1222 Spruce Street, Room 8.100, St. Louis, Missouri 63103, to the attention of C. Felix Miller.

The payment required by this section (II-C) shall extinguish all of the EEOC's and/or Eric Moore' claims for monetary relief for him alleged in this action, irrespective of Dollins Construction's satisfaction of any other requirement of this Decree.

### III. Injunctive Relief

A. Dollins Construction shall not permit or condone the use of racial derogatory or racially offensive language to be used by any of its employees or by any person on or around its premises, work sites, and/or vehicles. Dollins Construction shall inform each of its employees that the use of such language shall result in discipline up to and including discharge.

B. Dollins Construction shall not consider the race of any employee in making any work assignment.

C. Dollins Construction shall not take any action that negatively affects any person or his or her terms and conditions of employment, because such person has engaged in protected activity under Section 704(a) of Title VII.

### IV. Training

A. Dollins Construction shall, within three (3) months from the date of entry of this Decree, provide Title VII training Philip Dollins, Roy Dollins and Joe Dollins. The training shall specifically include: (1) racial harassment at work, including its unlawfulness and the consequences of engaging in such conduct, and (2) an employer's obligation to prevent retaliatory conduct against those who complain of perceived unlawful discrimination under Title VII. Dollins Construction shall, within two (2) months of the entry of this Decree, provide the EEOC's Regional Attorney in its St. Louis District Office with a description of the training program and a copy of all materials to be used in the training program. The EEOC may make suggested changes to the training program or training materials within thirty (30) days of its receipt and these suggestions shall be adopted by Dollins Construction.

## V. Posting and Policies

A.     Dollins Construction shall post and cause to remain posted copies of the "Policy on Discrimination" attached hereto as Exhibit B in locations publicly visible to all employees at its facilities, for a period of two (2) years, starting from the date of entry of this Decree and shall post a copy of this Consent Decree for a period of three months after its entry.

B.     Dollins Construction shall inform new hires that discrimination based upon race is unlawful and shall provide information about how an employee should complain about any perceived race discrimination to an appropriate company official.

## VI. Reporting, Record-keeping, and Access

A.     During the effective period of this Decree, Dollins Construction shall, within twenty (20) days of any complaint of race discrimination, provide written notification to the EEOC's Regional Attorney in its St. Louis District Office of such complaint of race discrimination, pursuant to Dollins Construction's complaint procedure set forth in Exhibit B (Dollins Construction's Policy on Race Discrimination), made by any employee, including the name(s) of the employee(s), a description of the investigation of the complaint, the finding of the investigation and a description of action taken or resolution of the complaint.

B.     Within forty-five (45) days of the entry of this Decree, Dollins Construction shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter affirming that all the actions required by Section V-A, above, have been completed.

C.     Within forty-five (45) days of the completion of the training required under Section IV, Dollins Construction shall prepare and submit to the EEOC's Regional Attorney in its

St. Louis District Office a letter affirming completion of said training and Dollins Construction

and shall provide copies of sign-off sheets of the individuals who attended the training.

D.    Dollins Construction shall maintain all documents utilized in preparing the reports described in paragraph 1 above, for a period of one year after the date of expiration of this Decree.

E.    To verify compliance with this Decree, Plaintiff Equal Employment Opportunity Commission shall have the right to inspect any relevant records of Dollins Construction (either on the premises of Dollins Construction or by production of such records at EEOC's St. Louis office), interview its employees, and/or inspect its premises by making a written request for such inspection or interviews ten calendar days in advance of such inspection or interviews.

### VIII. Term and Effect of Decree

A.    By entering into this Decree the parties intend to resolve only those charges of discrimination against Defendant brought by Anthony Jones, BuFord McClendon and Eric Moore. No other pending charges or charges that may be brought in the future are affected by this Decree.

B.    This Decree shall be binding upon the parties hereto, their successors and assigns. Dollins Construction shall affirmatively notify any purchasers of the obligations of this Consent Decree prior to any sale which may take place.

C.    This Decree shall be for a period of three (3) years and may be extended by the Court only upon a showing of (1) a material breach of the Decree and (2) good cause for the extension. During the Decree's term the Court shall retain jurisdiction of this cause for purposes of compliance.

D.  Each party shall bear its own attorneys' fees and costs of this action.


DATE: *May 21, 2010*

BY CONSENT:

*/s/ John W. Grimm*
JOHN W. GRIMM

THE LIMBAUGH FIRM
407 N. Kingshighway, Suite 400
P.O. Box 1150
Cape Girardeau, Missouri 63702-1150
573-335-3316
Fax 573-335-1369
jgrimm@limbaughlaw.com

*/s/ Lewis M. Blanton*
Hon. Lewis M. Blanton
United States Magistrate Judge


*/s/*
BARBARA A. SEELY
Regional Attorney

*/s/ Felix Miller*
C. FELIX MILLER
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Building
1222 Spruce, Room 8.100
St. Louis, MO 63103
314-539-7914
Fax 314-539-7895

# EXHIBIT A-1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE
## OF [insert name of appropriate charging party]

This Settlement Agreement and General Release ("Agreement") is made and entered on this _____ day of _____, 2010, by and between [insert name of appropriate charging party] and PHILLIP DOLLINS, ROY DOLLINS, and DOLLINS CONSTRUCTION COMPANY and their officers, directors, employees, including without limitation: Joe Dollins, agents, attorneys, predecessors, successors and assigns (hereinafter collectively referred to as "Dollins'"), based on the following.

    a.    The Equal Employment Opportunity Commission ("EEOC") filed an action which seeks relief for [insert name of appropriate charging party] against Dollins' styled *Equal Employment Opportunity Commission v. Phillip Dollins, and Roy Dollins d/b/a Dollins Construction Company*, which is presently pending in the United States District Court for the Eastern District of Missouri, Case No. 1:09-cv-00137-JMB (the "Lawsuit"); and

    b.    the parties to this Agreement desire to forever resolve and compromise all of the claims asserted or which could have been asserted by [insert name of appropriate charging party] or by the EEOC in respect to [insert name of appropriate charging party] in the above-referenced action, and

    c.    solely in the interest of terminating the expense necessitated by such dispute, in compromise of a disputed claim, and without Dollins' acknowledging any liability, Dollins' and [insert name of appropriate charging party] have agreed to resolve this matter as more fully set forth below; and

    d.    Dollins' does explicitly and expressly deny any and all liability whatsoever for any and all claims, demands, damages, actions, causes of action, or suits of any kind arising out of or relating to [insert name of appropriate charging party]'s employment, his termination, and/or his claims against Dollins'; and

    e.    the parties to this Agreement have had an opportunity to review this Agreement and to consult with legal counsel concerning this Agreement and are entering into this Agreement voluntarily with full knowledge of its significance and effect.

In consideration of the terms and payment obligation contained herein, to which [insert name of appropriate charging party] is not otherwise entitled, the parties agree:

    **1.**    **Payment.**  Dollins' will pay or cause to be paid to [insert name of appropriate charging party] a total gross amount equal to Five Thousand Dollars ($5,000.00), in full and complete settlement of [insert name of appropriate charging party]'s claims for backpay and compensatory damages, of which $1,000 shall be for backpay and $4,000 shall be for compensatory damages.

2.  **Taxes**. The total amount of Five Thousand Dollars ($5,000.00) referenced in Paragraph 1 above will be reported to the appropriate governmental taxing entities and Dollins' will issue [insert name of appropriate charging party] a W-2 Form for the amount of $1,000, and a Form 1099 for the amount of $4,000. Dollins' will make the payment as outlined in Paragraph 1 above within seven (7) business days after the receipt by Dollins' counsel of an original copy of this Agreement fully executed by [insert name of appropriate charging party]. Said payment as outlined in paragraph 1 above and in the consent decree shall constitute full and complete performance by Dollins'. [insert name of appropriate charging party] is aware that he is responsible for federal and state income taxes and that he should consult a tax advisor in respect to this income. [insert name of appropriate charging party] is responsible for the employee's share of any payroll taxes on the portion of this payment that is backpay, and Dollins' shall be responsible for any employer's share of payroll taxes.

3.  **Release and Discharge**. In consideration of the mutual promises contained herein, [insert name of appropriate charging party], for himself and on behalf of his heirs, executors, trustees, agents, administrators, personal representatives, legatees, attorneys, insurers, and their respective heirs, successors and assigns hereby releases, remises, acquits, and forever discharges Dollins', which specifically includes all of Dollins' officers, including third party beneficiaries of this agreement, Joe Dollins, directors, employees, including but not limited to agents, attorneys, predecessors, successors and assigns from and against any and all Title VII claims which were raised in [insert name of appropriate charging party]'s charge of discrimination against Dollins', EEOC Charge No. 560-2007-_____ and/or in the Lawsuit, including all relief available under Title VII of the Civil Rights Act of 1964, as amended, to wit; backpay, compensatory damages, punitive damages, front pay, costs, and attorneys' fees, including, without limitations, any claims for attorneys' fees which may arise or accrue by reason of the settlement of the Lawsuit.

4.  **Purpose**. The purpose of this release is to extinguish forever any and all Title VII claims against Dollins' that [insert name of appropriate charging party] may have which were asserted by either [insert name of appropriate charging party] in his charge of discrimination or by the EEOC in respect to [insert name of appropriate charging party] in the Lawsuit.

5.  **Interpretation**. This Agreement is binding upon and inures to the benefit of [insert name of appropriate charging party] and Dollins'. This Agreement shall be governed by, construed and interpreted according to applicable federal law, and the laws of the State of Missouri, without reference to conflicts of law principles. Neither this Agreement nor any of its terms may be changed, waived or added to except in a writing signed by all parties. The parties agree that should any provision in this Agreement be determined to be unenforceable, such finding shall not affect the enforceability of the remaining provisions of this Agreement.

6.  **No Representations by Dollins'**. [insert name of appropriate charging party] further represents and warrants that no representations of fact or law have been made by Dollins', or its counsel; that this Agreement is not based upon any such representations; that he is not relying upon advice from Dollins' or its counsel as to the legal, income tax or other

consequences arising out of this Agreement; and that he has fully investigated the factual and legal issues implicated in this case.

7. **Attorneys' Liens**. [insert name of appropriate charging party] hereby certifies that there are no attorneys' liens regarding the above-released claim against Dollins'.

8. **Entire Agreement**. Except for those terms that may be applicable in the Consent Decree entered into between the parties to the lawsuit, [insert name of appropriate charging party] further declares and represents that no promise, involvement, representation or agreement not contained in this Agreement has been made; that no other consideration has been or will be furnished in connection with this Agreement; that he will not make a claim and hereby waives any rights he may now have or may hereafter have based upon any alleged oral alteration, amendment, modification, or any other alleged change in this Agreement; that this Agreement contains the entire agreement between the parties hereto; and that the terms of this Agreement are contractual and not a mere recital.

9. **Acknowledgments.** [insert name of appropriate charging party] acknowledges that he:  (a) has been advised of his right to consult counsel regarding the terms in this Agreement prior to signing it; (b) has had the ability to consult an attorney of his choosing for negotiation of this Agreement; (c) has read this entire Agreement; (d) had the ability to seek the advice of counsel or any other party regarding this Agreement and its negotiation and fully understands the terms and effects of this Agreement; (e) has been given a reasonable length of time within which to consider this Agreement; (f) was offered more time in which to consider this Agreement but determined any additional time was unnecessary; and (g) is voluntarily executing this Agreement of his own free act and deed; and (h) has freely executed this Settlement Agreement and General Release for the purposes of receiving good and valuable consideration.

IN WITNESS THEREOF, the parties have executed this Settlement Agreement and General Release as of the day and year first above written.

_____
[INSERT NAME OF APPROPRIATE CHARGING PARTY]

Dated _____, 2010.

STATE OF MISSOURI            )
                             )   SS.
COUNTY OF ST. LOUIS          )

    On this ____ day of _____, 2010, before me personally appeared [insert name of appropriate charging party], to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in the City/County and State aforesaid, the day and year above written.

                                                                                                  NOTARY PUBLIC

My Commission Expires:

                                                                                                                                                        PHILLIP DOLLINS

Dated ___May 17___, 2010.

STATE OF MISSOURI        )
                                          ) SS.
COUNTY OF ST. LOUIS    )

        On this 17th day of May, 2010, before me personally appeared Phillip Dollins, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

        IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in the City/County and State aforesaid, the day and year above written.

                                                                           NOTARY PUBLIC

> SAMANTHA R. KEYS
> Notary Public-Notary Seal
> STATE OF MISSOURI
> Cape Girardeau County
> My Commission Expires: July 11, 2012
> Commission # 08412096

ROY DOLLINS

Dated ___May 17___, 2010.

STATE OF MISSOURI        )
                                          ) SS.
COUNTY OF ST. LOUIS    )

        On this 17th day of May, 2010, before me personally appeared Roy Dollins to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

        IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in the City/County and State aforesaid, the day and year above written.

                                                                           NOTARY PUBLIC

> SAMANTHA R. KEYS
> Notary Public-Notary Seal
> STATE OF MISSOURI
> Cape Girardeau County
> My Commission Expires: July 11, 2012
> Commission # 08412096

EXHIBIT B

(Dollins Construction, Inc. letterhead)

## POLICY ON DISCRIMINATION

Federal law prohibits discrimination against any employee or applicant for employment because of the individual's race with respect to hiring, promotion, discharge, compensation, job assignments, or other terms, conditions or privileges of employment. In particular, Federal law prohibits creating an environment hostile to employees based upon their race, including the use of racial slurs, conduct that is racially demeaning or offensive, and intimidating conduct directed at individuals because of their race. Federal law also prohibits retaliation against employees because they have opposed practices they believe discriminate on the basis of a race or because they have filed a charge with the EEOC or participated in or cooperated with an EEOC investigation. Dollins Construction, Inc. fully supports and will comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law.

It is the policy of Dollins Construction, Inc., to prohibit discrimination based upon a race with respect to hiring, promotion, termination, compensation, work environment, or other terms, conditions or privileges of employment. Dollins Construction, Inc. will not tolerate discrimination against employees or applicants for employment based upon their race. Dollins Construction, Inc.'s employees or managers found to have treated any employee or applicant for employment differently because of their race will be subject to discipline up to and including discharge. Supervisory employees are specifically directed not to condone racially offensive conduct or language by Dollins Construction's employees or on its work sites, property, vehicles and equipment.

Dollins Construction, Inc. encourages all employees who may have knowledge of any violation of this policy to report such violation to Philip Dollins. Such reports will be promptly and confidentially investigated.

Employees should feel free to report instances of discrimination to any management official at any time, including Philip Dollins.